IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Anthony D. Richardson and Delinda Ann Turner, <br><br>    Plaintiffs, <br><br>    v. <br><br>Union Public Safety Department Police; Chief Sam White; Mickey Parker; Investigator Beatty; and Captain Bailey, <br><br>    Defendants. | Case No. 7:10-cv-2679-JMC-JDA <br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on (a) Plaintiffs' motion to remand [Doc. 9]; (b) Plaintiffs' motion for default judgment [Doc. 15]; (c) Plaintiffs' motion for summary judgment [Doc. 51]; (d) Plaintiffs' motion for return of property and motion for summary judgment [Doc. 52]; (e) Plaintiffs' motion to amend/correct motion for return of property and motion for summary judgment [Doc. 67]; (f) Defendants' motion to stay or, in the alternative, cross motion for summary judgment [Doc. 77]; and (g) Plaintiffs' motion for summary judgment [Doc. 86]. Plaintiffs are proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

Plaintiffs filed this action in the Union County Court of Common Pleas on September 15, 2010 [Doc. 1-1], and Defendant Union Public Safety Department Police[1] ("Union Police") removed the action on October 15, 2010 [Doc. 1]. Plaintiffs filed an amended supplemental complaint on October 21, 2010, naming as additional defendants Chief Sam White ("White"), Investigator Beatty ("Beatty"), Captain Bailey ("Bailey"), and Mickey Parker ("Parker"). [Doc. 12.] Plaintiffs allege constitutional violations; slander; racial discrimination; harassment; unequal protection of the law; illegal search and seizure in violation of the Fourth Amendment; due process violations under the Fourteenth Amendment; violations of the First Amendment; and violations of state laws. [Doc. 12.]

## BACKGROUND

On August 20, 2010, Beatty and First Sergeant Troy Wright of the Union Public Safety Department seized allegedly counterfeit merchandise, including DVDs and CDs, a table, tent, cooler, radio, sign, and chairs, from Plaintiffs' place of business, a roadside stand on South Pinckney Street in Union, South Carolina. [Doc. 12; Doc. 77-1 at 4–5; Doc. 77-3 ¶ 10.] All items were in plain view when the officers approached Plaintiffs' business. [Doc. 77-1 at 4; Doc. 77-3 ¶ 10.] Plaintiffs were told to turn themselves in the following Monday. [Doc. 77-1 at 5; Doc. 77-3 ¶ 10.]

Plaintiffs failed to turn themselves in the following Monday. [Doc. 77-1 at 5; Doc. 77-2 ¶ 15; Doc. 77-5 ¶ 13.] The South Carolina Law Enforcement Division ("SLED") issued warrants for the Plaintiffs' arrest on August 23, 2010 [Doc. 77-1 at 5; Doc. 77-6 ¶ 4; Doc. 77-5 ¶ 13], and Plaintiffs were arrested on September 13, 2010 [Doc. 12; Doc. 77-1 at 5;

---

[1] Defendant Union Public Safety Department Police was the only defendant named in the initial complaint in state court. [Doc. 1-1 at 6.]

Doc. 77-6 ¶ 4]. On March 3, 2011, a state grand jury returned four indictments against Plaintiffs for three counts of distribution of illegal recordings and one count of possession with intent to distribute illegal recordings. [Doc. 77-6 ¶ 6.] The criminal action is currently pending in state court [Doc. 77-6 ¶ 7], and the items seized from Plaintiffs' business are evidence in the pending criminal action [Doc. 77-6 ¶ 8].

Plaintiffs primarily challenge the purported search of and seizure of items from their business. Although Plaintiffs raise other claims, the facts alleged in their amended supplemental complaint focus on the August 20, 2010 encounter at their business. [*See* Doc. 12.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiffs brought this action pro se, which requires the Court to liberally construe their pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th

Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

## DISCUSSION

**Plaintiffs' Motions to Remand [Docs. 9, 41]**

As previously stated, as the only named defendant in the state court complaint, Union Police removed this action on October 15, 2010. On October 21, 2010, Plaintiffs filed a motion to remand, arguing that Union Police's notice of removal was untimely. [Doc. 9.] Also on October 21, 2010, Plaintiffs filed an amended supplemental complaint which listed White, Beatty, Bailey, and Parker as additional defendants. [Doc. 12.] On November 16, 2010, Plaintiffs filed a motion for leave to amend motion for remand[2] to argue the case should be remanded because all defendants did not consent to removal.[3] [Doc. 41.] Defendants filed a response in opposition to Plaintiffs' original motion to remand on November 18, 2010 [Doc. 42] and a response in opposition to Plaintiffs' motion for leave to amend motion for remand on December 3, 2010 [Doc. 45]. Plaintiffs filed replies [Docs. 44, 47], and the motion to remand is ripe for review.[4]

### *Timeliness of Notice of Removal*

Plaintiffs first argue Union Police's notice of removal was untimely because it was not filed within thirty days after service on Union Police. The Court disagrees.

---

[2] The Court granted Plaintiffs' motion for leave to amend motion for remand on May 11, 2011. [Doc. 91.]

[3] Plaintiffs also raised this argument in their reply to Defendants' response in opposition to the motion to remand. [Doc. 44 at 1.]

[4] As noted, Plaintiffs amended their motion to remand. Accordingly, the Court has considered all arguments raised in Plaintiffs' initial motion to remand [Doc. 9] and motion for leave to amend motion for remand [Doc. 41]; Defendants' responses in opposition to Plaintiffs' motions [Docs. 42, 45]; and Plaintiffs' replies [Docs. 44, 47].

The removal statute provides that "the defendant or defendants" may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1446 sets forth the removal procedure and requires the defendant seeking removal to file a timely notice of removal, stating the grounds for removal, with the federal district court. *Id.* § 1446(a),(b). To be timely,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

*Id.* § 1446(b). This thirty-day window prevents "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997).

Here, Plaintiffs filed the complaint in the Union County Court of Common Pleas on September 15, 2010. [Doc. 1-1 at 6.] Plaintiffs sent the summons and complaint by mail, which was postmarked September 18, 2010. [Doc. 42 at 1–2; Doc. 42-1.] Union Police filed the notice of removal and answer on October 15, 2010. [Doc. 1.] Accordingly, Union Police filed the notice of removal within thirty days of receiving the initial pleading; therefore, the notice of removal was timely pursuant to 28 U.S.C. § 1446(b), and Plaintiffs' motion to remand should be denied on this ground.

### *Consent to Removal by All Defendants*

Perhaps because they understood the flaw in their timeliness argument, Plaintiffs appear to have abandoned that argument in their reply memorandum and in their motion for leave to amend, instead arguing that the case should be remanded because all defendants did not consent to removal. Again, the Court disagrees.

Section 1446 of Title 28 of the United States Code fails to address the procedure for removal when multiple defendants are involved. However, courts have consistently interpreted § 1446(a) to require all defendants in an action to join in or consent to the notice of removal. *E.g.*, *Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900) (stating that it is "well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition"). While Plaintiffs are correct that all defendants currently named in this action did not join in or consent to the removal, that is only because at the time Union Police filed its notice of removal, it was the only named defendant in the case.

Rule 10(a) of the South Carolina Rules of Civil Procedure[5] provides that

> [e]very pleading shall contain a caption setting forth the name of the State and County, the name of the Court, the title of the action, the file number and a designation as in Rule 7(a). In the summons and complaint the title of the action shall include the names of all parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Rule 10(a) of the South Carolina Rules of Civil Procedure is substantially the same as Rule 10(a) of the Federal Rules of Civil Procedure,[6] which "exists both to clearly identify for the

---

[5]The Court cites to the South Carolina Rules of Civil Procedure, as opposed to the Federal Rules of Civil Procedure, because the complaint was filed in the South Carolina Court of Common Pleas.

[6]Rule 10(a) of the Federal Rules of Civil Procedure provides that

> [e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

8

Court and the public the parties to an action and to provide clear notice to recipients of the complaint of their role, if any, in the action." *Thompson v. Kramer*, No. 93-2290, 1994 WL 702927, at *11 (E.D. Pa. Dec. 13, 1994) (unpublished opinion) (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981)). In *Thompson*, the court held that, because the plaintiff failed to list certain individuals and organizations as defendants in the title of an amended complaint and failed to specify in the body of the amended complaint whether plaintiff considered them to be defendants, those individuals and organizations, which plaintiff may have considered to be defendants, would be dismissed sua sponte.[7] *Id.* at *12.

In this case, the title of the action in the state court complaint and on the civil action cover sheet listed the parties as "Anthony D Richardson & Delinda Ann Turner (PLAINTIFF)" and "Union Public Safety []Department Police (Respondent)." [Doc. 1-1 at 1, 6.] While Plaintiffs filed four separate summons, each listing a different individual and Union Police [Doc. 1-1 at 2–5], the title of the complaint lists as the only defendant Union Police [Doc. 1-1 at 6].[8] Additionally, the Court has reviewed the court records from the Union County Court of Common Pleas and takes judicial notice that the only defendant listed as a party is "Union Public Safety Department Of." *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (unpublished per curiam opinion) (noting that a district court may take judicial notice of state court records). Accordingly, pursuant to Rule

---

[7]While the *Thompson* court stated that the amended complaint will be dismissed as to certain individuals and organizations plaintiff may have considered to be defendants, the court found that those individuals and organization were never properly named as defendants in the case.

[8]In an abundance of caution, Union Police noted in its notice of removal that the summons each listed an individual and Union Police but Union Police was filing its notice of removal "in accordance with the caption of Plaintiff's Complaint." [Doc. 1 at 1.]

10(a) of the South Carolina Rules of Civil Procedure, the only defendant listed in the title of the complaint was Union Police; therefore, there were no other defendants to consent to removal.[9]  Moreover, in the body of the complaint, Plaintiffs state, "Therefore we are suing the city of Union, S.C. which include[s] the Union Public Safety Department," "So we are forced to sue Union Public Safety Department," "Union Public Safety shall be held at full liability for us as plaintiff[s]," and "the county of Union is liable for all damages."[10]  [Doc. 1-1 at 7.]  Thus, even the most liberal construction of Plaintiffs' state court complaint does not indicate that there were defendants other than Union Police.  Union Police's notice of removal, therefore, was not procedurally defective, and Plaintiffs' motion to remand should be denied on this ground.

**Plaintiffs' Motion for Default Judgment[11] [Doc. 15]**

In their motion for default judgment, Plaintiffs argue the Court should enter a default judgment against Defendants because Defendants failed to answer or otherwise plead

---

[9]Plaintiffs did not add White, Beatty, Bailey, and Parker as defendants until Plaintiffs filed their amended supplemental complaint in *federal court*.  [Doc. 12.]

[10]Plaintiffs seem to incorrectly equate the City of Union, the County of Union, and the Union Public Safety Department, and there is no indication in the body of the complaint that Plaintiffs intended to name an individual as a defendant.

[11]The Court construes this motion as a motion for default judgment against only Union Police because Plaintiffs argue that an answer was not filed within twenty days of service of the complaint and Union Police was the only defendant that had been named in the case for at least twenty days on October 22, 2010 when Plaintiffs filed their motion for default judgment.  As discussed above, White, Beatty, Bailey, and Parker were added as defendants on October 21, 2010, the day before Plaintiffs filed their motion for default judgment; therefore, the motion for default judgment does not apply to White, Beatty, Bailey, and Parker.

within twenty days and because Defendants did not admit or deny every element of the complaint. The Court disagrees.

### *Timeliness of Answer*

Plaintiff's initial complaint was filed in South Carolina state court. The South Carolina Rules of Procedure provide, "A defendant shall serve his answer within 30 days after the service of the complaint upon him, unless the Court directs otherwise when service of process is made pursuant to Rule 4(e) . . . ." S.C. R. Civ .P. 12(a). Additionally, in a removed action,

> [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A)  21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>
> (B)  21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C)  7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

In this case, as discussed above, Union Police timely removed the action before answering in state court. Pursuant to Rule 81(c)(2), the longest period in which to file an answer or present other defenses or objections after removal was seven days. *See id.* Union Police filed its notice of removal on October 15, 2010, and, on the same day, filed its answer. [Docs. 1, 3.] Accordingly, Union Police answered within seven days of filing the notice of removal; therefore, the answer was timely pursuant to Rule 81(c)(2), and Plaintiffs' motion for default judgment should be denied on this ground.

### *Admission or Denial of Every Element*

Plaintiffs next argue the Court should enter default judgment because Union Police failed to admit or deny every element of the Plaintiff's claim. However, Rule 8(b) allows for general denials:

> A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3). Union Police's answer complied with Rule 8(b)(3), and Plaintiffs' motion for default judgment should be denied on this ground.[12]

**Defendants' Motion to Stay [Doc. 77]**

In this action, Plaintiffs seek injunctive relief, a declaratory judgment, and monetary damages for the seizure of items from their business. To rule on this claim, the Court must decide whether the seizure violated Plaintiffs' Fourth Amendment rights. The Court is concerned that its decision on this issue will interfere with the pending state criminal proceeding.

Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when to do so would interfere with a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see also Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is

---

[12]The Court also notes that Plaintiffs' initial complaint contained no numbered paragraphs. [Doc. 1-1 at 6–7.] As such, it would have been difficult for Union Police to separate the allegations in the complaint to specifically admit or deny each allegation.

subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). Exceptions to *Younger* abstention apply only where there is a showing that (1) "bad faith or harassment by state officials responsible for the prosecution; (2) the state laws to be applied in the criminal proceeding are flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)) (internal quotations omitted).

The Supreme Court has not addressed whether *Younger* abstention applies to § 1983 claims for damages, *see Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the *Younger* doctrine applies to a federal actions seeking only monetary relief."), and the Ninth Circuit has recognized that the applicability of *Younger* to damages actions remains "unclear," *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *see also Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 n.5 (9th Cir. 1995) (same). In *Deakins*, the Supreme Court held that, because the state proceedings could not have awarded damages, the district court erred in dismissing the federal court plaintiffs' claim for monetary relief; however, the Court explained that the

federal court should have stayed, not dismissed, the federal litigation. 484 U.S. at 202, 204.

Lower courts also hold that *Younger* requires courts to stay—rather than abstain and dismiss—suits for monetary relief where the same issues are pending before a state court. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075–76 (6th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 138–39 (7th Cir. 1995); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988); *see also Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146, 1151 (E.D. Cal. 1999) (stating that "[i]f the requirements for *Younger* abstention are met, . . . the prevailing approach is to stay the § 1983 action for damages pending resolution of the state proceeding."). Staying the federal action "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claim in state court." *Carroll*, 139 F.3d at 1075–76. Further, a stay ensures that a plaintiff who is unable to pursue damages in the parallel state proceedings can return to federal court and reassert her claim for damages without being time-barred. *See id.* at 1076 (observing that "a stay will protect [the plaintiff's] claims from the statute of limitations"). Moreover, staying rather than dismissing the action is consistent with the Supreme Court's decision in *Quackenbush v. Allstate Ins. Co.*, which held that "abstention principles [apply] to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." 517 U.S. 706, 719 (1996).

In *Suggs v. Brannon*, the Fourth Circuit also held that "*Younger* does not invariably require dismissal of § 1983 damage actions" where the federal court is asked to determine

14

issues pending before a state court; however, a stay is appropriate in such situations. 804 F.2d 274, 279–280 (4th Cir. 1986). In *Suggs*, the plaintiffs were employees of adult bookstores who were the subjects of multiple state prosecutions for possession with intent to distribute obscenity. *Id.* at 276–77. While their state criminal charges were pending, the plaintiffs brought civil rights actions against the police officers who investigated and arrested plaintiffs, seeking injunctive relief and damages under § 1983. *See id.* at 277–78. The plaintiffs alleged that the police officers engaged in illegal searches and seizures and a concerted campaign of threats, harassment, and bad faith enforcement of North Carolina obscenity laws, thereby denying plaintiffs due process of law in violation of their Fourteenth Amendment rights. *Id.* Chief Judge Hiram Ward dismissed the complaint pursuant to the *Younger* abstention doctrine. *Id.* at 278. The Fourth Circuit upheld Judge Ward's dismissal of the claim for injunctive relief but held that the claim for damages should have been stayed rather than dismissed. *Id.* at 279–80. The Court explained its ruling as follows:

> *Younger* abstention presupposes that the federal plaintiff will have an adequate opportunity to raise constitutional claims during the ongoing state proceeding. *See Craig v. Barney*, 678 F.2d 1200, 1201–02 (4th Cir. 1982). A state criminal proceeding, however, ordinarily would not address issues such as appellants' claim that they were held under excessive bond and unconstitutional bail conditions, for pretrial detention issues cannot be raised in defense of a criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9 (1975). If the state criminal court rules that the search and seizure was unlawful, Smith could not recover damages in those proceedings. Deferring the appellants' right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court,

> they should be allowed to maintain their actions for damages. *See Hanpar v. Atkinson*, 496 F.Supp. 112, 115 (E.D.Va. 1980).
>
> The appellees argue that the exercise of federal jurisdiction would result in simultaneous litigation of the same issues in which the district court's ruling might embarrass and interfere with the state proceedings. This need not be the case. In *Giulini v. Blessing*, 654 F.2d [189,] 193 [(2d Cir.1981)], the court, deciding that a § 1983 damage claim is not barred by *Younger*, noted that "a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." The court then ordered that the damage claims be held in abeyance until the state court had adjudicated the relevant constitutional issues.
>
> The district court did not address the merits of the damage claim, nor do we. A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be. But this is not the appropriate proceeding for resolving this issue. *See generally* 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4471 (1981 & 1986 Supp.).

*Id.*

Here, Plaintiffs are asking the federal court to make determinations identical to the determinations that must also be made by the state court. As such, proceeding in this case would result in simultaneous litigation of the same issues such that this Court's ruling might interfere with the state proceedings. Further, a determination by the state court that the search and seizure was legal would be binding on this Court and would preclude Plaintiffs from asserting the search and seizure was illegal in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477(1994) (holding that a state prisoner cannot base a § 1983 action on a ground that would "necessarily require the plaintiff to prove the unlawfulness of his

16

conviction or confinement"). Moreover, none of the exceptions outlined in *Nivens*, 444 F.3d at 241 are applicable to this case. For these reasons, the Court should exercise its discretion and stay proceedings in this action pending "ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution." *See Traverso*, 874 F.2d at 214.

**Remaining Motions [Docs. 51, 52, 67, 86]**

Because the Court recommends that this action be stayed pending termination of the state prosecution, the Court further recommends that the remaining motions in the case—Plaintiffs' motion for summary judgment [Doc. 51]; Plaintiff's motion for return of property and motion for summary judgment [Doc. 52]; Plaintiff's motion to amend/correct motion for return of property and motion for summary judgment [Doc. 67]; and Plaintiffs' motion for summary judgment [Doc. 86]—be denied with leave to refile after the stay is lifted. These motions, with the exception of the motion to amend/correct, are dispositive motions that will be impacted by the outcome of the state prosecution, and the substance of these motions will likely change depending on outcome of the state prosecution. Accordingly, these motions should be denied with leave to refile after the stay is lifted upon termination of the state prosecution.

## CONCLUSION

Wherefore, based upon the foregoing, the Court RECOMMENDS that (a) Plaintiffs' motion to remand [Doc. 9] be DENIED; (b) Plaintiffs' motion for default judgment [Doc. 15] be DENIED; (c) Defendants' motion to stay [Doc. 77] be GRANTED; (d) the case be

STAYED pending a decision by the state court regarding Plaintiffs' pending criminal charges; and (e) all other pending motions [Docs. 51, 52, 67, 86] be DENIED with leave to refile after the stay is lifted.

     IT IS SO RECOMMENDED.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

May 13, 2011
Greenville, South Carolina