IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Anthony D. Richardson and Delinda ) 
Ann Turner, ) 
 ) 
Plaintiffs, )          C.A. No. 7:10-cv-02679-JMC
 ) 
v. )          **OPINION & ORDER**
 ) 
Union Public Safety Department Police; ) 
Chief Sam White; Mickey Parker; ) 
Investigator Beatty; and Captain Bailey, ) 
 ) 
Defendants. ) 
_____ )

 This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. 94], filed on May 13, 2011, recommending that (a) Plaintiffs' motion to remand [Doc. 9] be denied; (b) Plaintiffs' motion for default judgment [Doc. 15] be denied; (c) Defendants' motion to stay [Doc. 77] be granted; (d) the case be stayed pending a decision by the state court regarding Plaintiffs' pending criminal charges; and (e) all other pending motions [Docs. 51, 52, 67, 86] be denied with leave to refile after the stay is lifted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

 The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

DISCUSSION

Plaintiffs Anthony D. Richardson and Delinda Ann Turner brought this action against Defendants alleging constitutional violations; slander; racial discrimination; harassment; unequal protection of the law; illegal search and seizure in violation of the Fourth Amendment; due process violations under the Fourteenth Amendment; violations of the First Amendment; and violations of state laws.  Plaintiffs allege that law enforcement wrongfully retained possession of property seized from Plaintiffs during their arrests and in connection with criminal charges currently pending in state court.

Plaintiffs timely filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district court.  *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiffs' objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate their claims.  However, the court was able to discern Plaintiffs' objection to the Magistrate Judge's finding that a stay of the case was warranted under the abstention doctrine as set

forth in *Younger v. Harris,* 401 U.S. 37 (1971). Specifically, Plaintiffs argue that their federal case should proceed immediately, without regard for the pending state court criminal proceedings, because they will be irreparably harmed if they do not obtain immediate possession of the property seized by Defendants at the time of Plaintiffs' arrest on the pending criminal charges. In *Younger*, the Supreme Court found that federal interference in matters related to state court prosecutions is warranted only where the person subject to the state court prosecution demonstrates "great and immediate" irreparable injury, beyond "that incidental to every criminal proceeding brought lawfully and in good faith." 401 U.S. at 46-47 (internal quotation marks omitted). In this case, Plaintiffs ask the court to order Defendants to return property seized incident to Plaintiffs' arrest and retained in connection with Plaintiffs' criminal charges pending in state court. Whether or not Plaintiffs are entitled to the return of the seized property is dependent upon and related to the state court's determination of Plaintiffs' criminal charges. Here, Plaintiffs merely allege an injury incident to their criminal proceedings and fail to show that they will suffer any injury which is sufficient to justify this court's involvement in a matter related to Plaintiffs' state court criminal proceedings. Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that (a) Plaintiffs' motion to remand [Doc. 9] is **DENIED**; (b) Plaintiffs' motion for default judgment [Doc. 15] is **DENIED**; (c) Defendants' motion to stay [Doc. 77] is **GRANTED**; and (d) the case shall be **STAYED** pending a decision by the state court regarding Plaintiffs' pending criminal charges. The parties are ordered to notify the court within ten (10) days of a decision by the state court regarding the disposition of Plaintiffs' pending criminal charges. All

3

other pending motions [Docs. 51, 52, 67, 86] are **Dismissed** without prejudice to the litigant's rights to refile, if appropriate, after the stay is lifted.

**It is so ordered.**

s/ J. Michelle Childs
United States District Judge

June 6, 2011
Greenville, South Carolina