IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Anthony D. Richardson and Delinda Ann Turner, | ) ) ) |
| Plaintiffs, | ) ) Case No. 7:10-cv-2679-JMC-JDA |
| v. | ) ) **REPORT AND RECOMMENDATION** ) **OF MAGISTRATE JUDGE** |
| Union Public Safety Department Police; Chief Sam White; Mickey Parker; Investigator Beatty; and Captain Bailey, | ) ) ) ) |
| Defendants. | ) ) |

This matter is before the undersigned on Plaintiffs' motion to lift stay. [Doc. 109.] Plaintiffs are proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiffs filed this action in the Union County Court of Common Pleas on September 15, 2010 [Doc. 1-1], and Defendant Union Public Safety Department Police[1] removed the action on October 15, 2010 [Doc. 1]. Plaintiffs filed an amended supplemental complaint on October 21, 2010, naming as additional defendants Chief Sam White, Investigator Beatty, Captain Bailey, and Mickey Parker. [Doc. 12.] Plaintiffs allege constitutional

---

[1]Defendant Union Public Safety Department Police was the only defendant named in the initial complaint in state court. [Doc. 1-1 at 6.]

violations; slander; racial discrimination; harassment; unequal protection of the law; illegal search and seizure in violation of the Fourth Amendment; due process violations under the Fourteenth Amendment; violations of the First Amendment; and violations of state laws. [Doc. 12.]

On April 8, 2011, Defendants filed a motion to stay or, in the alternative, a cross motion for summary judgment.[2] [Doc. 77.] On May 13, 2011, the undersigned entered a Report and Recommendation recommending the case be stayed pending a decision by the state court regarding Plaintiffs' pending criminal charges. [Doc. 94.] On June 6, 2011, the Honorable J. Michelle Childs entered an Order adopting the Report and Recommendation and staying the case. [Doc. 103.] Before Judge Childs entered the Order, Plaintiffs filed a motion to lift stay and for summary judgment [Doc. 101], which Judge Childs denied on June 10, 2011 [Doc. 107]. On June 17, 2011, Plaintiffs filed the current motion to lift stay.[3] [Doc. 109.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

---

[2] Plaintiffs filed a motion for summary judgment on January 3, 2011. [Doc. 51.]

[3] The motion to lift stay appears to seek a preliminary injunction requiring the Court to lift the stay. [*See* Doc. 109 (requesting the Court to lift the stay immediately and outlining elements for a preliminary injunction).] It is unclear why Plaintiffs outline and discuss the elements for a preliminary injunction because injunctions are issued to parties, and only the Court, not the parties, has the authority to lift the stay in this case. Moreover, the motion primarily restates arguments previously made by Plaintiffs and already considered by the Court. Accordingly, the undersigned construes this subsequent motion as a motion for reconsideration of the Court's June 6, 2011 and June 10, 2011 Orders. However, to the extent Plaintiffs are attempting to file another motion to lift stay as opposed to a motion for reconsideration, the undersigned recommends Plaintiffs' motion to lift stay be denied in accordance with the reasons set forth in the Court's June 6, 2011 Order.

2

Plaintiffs brought this action pro se, which requires the Court to liberally construe their pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **DISCUSSION**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts should use to grant such motions. Accordingly, the Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance

of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (quotations and citation omitted).

The first two grounds set forth in *Pacific Insurance* are inapplicable to Plaintiffs' motion; therefore, the Court must determine whether the Order granting the stay in this case must be amended "to correct a clear error of law or prevent manifest injustice." Plaintiffs again attempt to argue they are irreparably harmed due to the seizure of allegedly counterfeit DVDs and CDs; however, the undersigned finds these arguments unpersuasive and also notes these arguments were raised in pleadings previously considered and rejected by the Court. [*See* Docs. 96, 101.] "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Crosswhite v. E.I. Dupont de Nemours & Co.*, 896 F.2d 1366, at *1 (4th Cir. 1990) (unpublished table decision) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). The undersigned has reviewed the Report and Recommendation [Doc. 94] and Order Adopting the Report and Recommendation [Doc. 103] in this case as well as the parties' subsequent filings related to the current motion to lift stay and finds Plaintiffs have failed to meet the *Pacific Insurance* grounds. Thus, there is no basis for altering or amending the Order previously entered.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that Plaintiffs' motion to lift stay [Doc. 109] be DENIED and that Plaintiffs be directed to file no further motions in this case until the underlying state action is resolved.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

October 12, 2011
Greenville, South Carolina