IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Anthony D. Richardson and Delinda Ann Turner, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 7:10-cv-2679-MGL-JDA |
| v. | )<br>) **REPORT AND RECOMMENDATION**<br>) **OF MAGISTRATE JUDGE** |
| Union Public Safety Department Police; Chief Sam White; Mickey Parker; Investigator Beatty; and Captain Bailey, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Defendants' motion for summary judgment [Doc. 141] and Plaintiff's motion to stay pending appeal [Doc. 144]. Plaintiffs are proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiffs Anthony D. Richardson ("Richardson") and Delinda Ann Turner ("Turner") filed this action in the Union County Court of Common Pleas on September 15, 2010 [Doc. 1-1], and Defendant Union Public Safety Department Police[1] removed the action on October 15, 2010 [Doc. 1]. Plaintiffs filed an amended supplemental complaint on October

---

[1] Defendant Union Public Safety Department Police was the only defendant named in the initial complaint in state court. [Doc. 1-1 at 6.]

21, 2010, naming as additional defendants Chief Sam White ("White"), Investigator Beatty ("Beatty"), Captain Bailey ("Bailey"), and Mickey Parker ("Parker"). [Doc. 12.] Plaintiffs allege constitutional violations; slander; racial discrimination; harassment; unequal protection of the law; illegal search and seizure in violation of the Fourth Amendment; due process violations under the Fourteenth Amendment; violations of the First Amendment; and violations of state laws.[2] [*Id.*]

The incident giving rise to this litigation began on August 20, 2010, when Beatty and First Sergeant Troy Wright of the Union Public Safety Department seized allegedly counterfeit merchandise, including DVDs and CDs, and a table, tent, cooler, radio, sign, and chairs, from Plaintiffs' place of business, a roadside stand on South Pinckney Street in Union, South Carolina. [Doc. 12; Doc. 77-1 at 4–5; Doc. 77-3 ¶ 10.] All items were in plain view when the officers approached Plaintiffs' business. [Doc. 77-1 at 4; Doc. 77-3 ¶ 10.] Plaintiffs were told to turn themselves in the following Monday. [Doc. 77-1 at 5; Doc. 77-3 ¶ 10.] However, Plaintiffs failed to turn themselves in the following Monday. [Doc. 77-1 at 5; Doc. 77-2 ¶ 15; Doc. 77-5 ¶ 13.] When Plaintiffs failed to turn themselves in, the South Carolina Law Enforcement Division ("SLED") issued warrants for Plaintiffs' arrest on August 23, 2010 [Doc. 77-1 at 5; Doc. 77-6 ¶ 4; Doc. 77-5 ¶ 13], and Plaintiffs were arrested on September 13, 2010 [Doc. 12; Doc. 77-1 at 5;Doc. 77-6 ¶ 4].

On March 3, 2011, a state grand jury returned four indictments against Plaintiffs for three counts of distribution of illegal recordings and one count of possession with intent to

---

[2]Plaintiffs primarily challenge the purported search and seizure of items from their business. Although Plaintiffs raise other claims, the facts alleged in their amended supplemental complaint focus on the August 20, 2010 encounter at their business. [*See* Doc. 12.]

distribute illegal recordings. [Doc. 77-6 ¶ 6.]  On June 6, 2011, this case was stayed pending a decision by the state court regarding the then-pending criminal charges.  [Doc. 103.]  On December 29, 2011, the Court was notified by counsel for Defendants that Richardson had pled guilty to all charges on December 5, 2011, receiving a fine and one year probation.  [Doc. 127.]  Counsel for Defendants did not know the status of any charges pending against Turner.  [*Id.*]  On January 3, 2012, the Court took judicial notice that the charges against Turner had been disposed and lifted the stay.  [Doc. 128.]

On April 25, 2012, Defendants filed the instant motion for summary judgment. [Doc. 141.]  By Order filed April 26, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the dismissal/summary judgment procedure and the possible consequences if they failed to adequately respond to the motion.  [Doc. 142.]  On May 2, 2012, Plaintiffs filed a response in opposition to Defendants' motion for summary judgment [Doc. 146] and a motion to stay pending appeal [Doc. 144].  Defendants filed a reply to Plaintiffs' response on May 14, 2012 [Doc. 147] and a response in opposition to Plaintiffs' motion to stay pending appeal on May 21, 2012 [Doc. 151].  The motions are now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiffs brought this action pro se, which requires the Court to liberally construe their pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent

3

standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

4

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

5

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

6

365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Plaintiffs' Motion to Stay Pending Appeal**

In their motion to stay pending appeal, Plaintiffs allege Richardson has filed an appeal in his state criminal case and request that the instant case be stayed pending appeal. [Doc. 144 at 2.] Defendants argue staying the case is not proper because (1) Plaintiffs' claims are barred *Heck v. Humphrey*, 512 U.S. 477 (1994), because Richardson pled guilty to all charges in state court and his conviction has not been overturned and (2)

7

to the extent Plaintiffs seek to have the CDs and DVDs returned to them, Richardson could bring an action to have the merchandise returned if the state courts remand Richardson's case for trial and he is found not guilty of the charges. [Doc. 151 at 2–3.] The Court recommends staying this action.

As previously stated, this case was stayed on June 6, 2011 pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).[3] [Doc. 103.] *Younger* abstention continues to apply to a federal case when the state litigant has not exhausted his state appellate remedies. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608–11 (1975); *see Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120 (N.D. Ill. Sept. 1, 2004) (staying case pending resolution of the state court appeal of a criminal conviction). Accordingly, because the Court has previously found abstention under *Younger* proper in this case [Docs. 94, 103] and Richardson has filed an appeal in his state criminal case, the Court should exercise its discretion and again stay proceedings in this action pending "ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution."[4] *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989).

---

[3]For a detailed analysis of *Younger* and its applicability to this case, see the Report and Recommendation recommending the action be stayed. [Doc. 94 at 12–17.]

[4]In the initial stay, the Court stayed the case pending ultimate termination of the state prosecution. [Docs. 94 at 17 (Report and Recommendation recommending the action be stayed "pending 'ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution.'" (citation omitted)); 103 at 3 (Order adopting and incorporating therein the Report and Recommendation).] Accordingly, now that Richardson has filed an appeal in his state criminal proceeding, staying the case at this stage is consistent with the previous stay, which was requested by Defendants.

Instead of arguing this case fails to meet the elements required to stay a case under *Younger*, Defendants argue Plaintiffs' Fourth Amendment claims are not cognizable under and are, therefore, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487; *see also Poston v. Shappert*, No. 06–8052, 2007 WL 1031695 (4th Cir. March 30, 2007) (holding claims brought pursuant to § 1983 and *Bivens* challenging underlying criminal conviction are barred by *Heck* ). Thus, *Heck* bars a prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. However, the Court may exercise its discretion to grant a stay, instead of dismiss, under *Heck* until a favorable termination has either been obtained or is no longer available. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of a district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); *Nussbaumer v. Nesbitt*, No. 11-cv-6331Fe, 2011 WL 4828844 (W.D.N.Y. Oct. 7, 2011) (staying false arrest and search and seizure claims that would impugn a conviction pending final resolution of criminal proceedings where plaintiff's appeal of his conviction was pending); *Crooker v. Burns*, 2010 WL 3781877 (D. Mass.

9

Sept. 21, 2010) (staying *Heck*-barred claims until completion of a state criminal case, including any appeal thereof); *Smart v. Township of Gloucester*, No. 06-138, 2007 WL 1186043) (D.N.J. Apr. 20, 2007) (recognizing that a stay necessitated under *Heck/Wallace* may extend for years while post-conviction relief of the criminal conviction issue is sought). Accordingly, because Richardson has filed an appeal in his state criminal case, a stay is proper in this case.

Although neither party addresses the applicability of *Younger* to Turner, who apparently has neither an underlying state conviction nor a pending appeal,[5] courts have found *Younger* applicable to a non-party to the pending state case where that party's right is derivative of the right of the state court defendant, finding the interests of the parties to be intertwined. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 635 (6th Cir. 2005) ("*Younger* abstention may also be appropriate for non-parties to the state action when '[s]uccess on the merits . . . is entirely derivative' of the rights of the state action parties." (alterations in original) (citation omitted)); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004) ("[W]hen in essence only one claim is at stake and the legally distinct party to the federal proceeding is merely an alter ego of a party in state court, *Younger* applies." (citations omitted)); *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 83 (2d Cir. 2003) (holding *Younger* applies where the federal court plaintiff's claim is entirely derivative of whatever rights the state court defendant may have); *Colonial First Props., LLC v. Henrico Cnty. Va.*, 236 F. Supp. 2d 588, 601 (E.D. Va. 2002) ("Under the derivative abstention doctrine, *Younger* abstention may be appropriate in

---

[5]On January 3, 2012, the Court took judicial notice that the charges against Turner had a case status of disposed with a disposition date of 12/12/2011. [Doc. 128.]

cases where the plaintiff in the federal proceeding is not a party to the state proceeding, so long as there is a sufficient nexus between the federal plaintiff and those named as defendants in the pending state court proceeding."). Here, Turner's rights, as the non-party to the pending state criminal appeal, are derivative of and intertwined with Richardson's rights. As previously noted, Plaintiffs primarily challenge the purported search and seizure of items from their business. It is not entirely clear whether the business was co-owned by Plaintiffs [*see* Doc. 141-1 at 1 (noting Plaintiffs operated a business)] or if Richardson owned the business and Turner was Richardson's employee [*see* Doc. 12 at 1 (stating Richardson is the business owner and Turner is an employee of Hakeem Records)]; however, under either scenario, Turner's rights and Richardson's rights are so intertwined as to create a "sufficient nexus between [Turner] and [Richardson]." *See Colonial First Props.*, 236 F. Supp. 2d at 601. Turner either co-owns Hakeem Records and the seized property with Richardson or is employed by Richardson and asserts the same Fourth Amendment claims stemming from the same August 20, 2010 encounter. Accordingly, a sufficient nexus exists to warrant applying *Younger* abstention to Turner.

**Defendants' Motion for Summary Judgment**

Because the Court recommends that this action be stayed, the Court further recommends that Defendants' motion for summary judgment be denied with leave to refile after the stay is lifted. The motion is a dispositive motion that will be impacted by the outcome of the state criminal appeal and any collateral review proceedings, and the substance of the motion will likely change depending on the outcome of the state

proceedings. Accordingly, the motion should be denied with leave to refile after the stay is lifted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiffs' motion to stay pending appeal [Doc. 144] be GRANTED and Defendants' motion for summary judgment [Doc. 141] be DENIED with leave to refile after the stay is lifted.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 27, 2012
Greenville, South Carolina